UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KYLE ALCORN                              CIVIL ACTION

VERSUS                                   NO: 09-3744

ERIC SHINSEKI, SECRETARY, UNITED         SECTION: R
STATES DEPARTMENT OF VETERANS
AFFAIRS

## ORDER AND REASONS

Before the Court is defendant's Motion to Dismiss (R. Doc. 5). For the following reasons, the motion is GRANTED.

### I. Background

Plaintiff Kyle Alcorn is an officer in the police service of defendant, the United States Department of Veterans Affairs ("VA"). This suit arises out of a series of incidents concerning Alcorn's employment at the VA. He alleges that, between December 2007 and April 2009, he was reprimanded for two separate incidents in which he had been involved despite the fact that he acted in accordance with his training and the VA's regulations. Other officers involved were not reprimanded. He states that, as a result, he twice filed a grievance with the local chapter of the American Federation of Government Employees ("AFGE"). Alcorn further alleges that he was later denied leave and suffered other reprisals and harassment. According to the complaint, the Chief

1

of the police services had been heard stating that he intended to "get rid of" Alcorn, and the reprisals were undertaken at the direction fo the Chief.  Alcorn filed this suit in June of 2009, alleging adverse employment actions as a result of his protected First Amendment activity in filing grievances with the AFGE.  He alleges that defendant's actions have resulted in emotional and mental distress, and have led to medical problems.  He seeks damages and injunctive relief against further reprisals.

The VA has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that this Court lacks subject matter jurisdiction over the action because the VA is sovereignly immune from suit.  The motion is unopposed.

**II. Legal Standard**

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim.  Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03-2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by

2

undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro,* 74 F.3d at 659. Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver*, *Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt*, 561 F.2d at 608.

**III. Discussion**

The VA is an agency of the federal government. The federal government, along with its agencies, are shielded from suit without consent by the doctrine of sovereign immunity. *Rolland*

3

*v. U.S. Dep't of Veterans Affairs*, 146 Fed. Appx. 743, 745 (5th Cir. 2005); *see also United States v. Testan*, 424 U.S. 392, 399 (1976) ("It has long been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

The federal government can waive its sovereign immunity and consent to be sued. This is typically done by statute. *See, e.g.,* 28 U.S.C. § 1346(b)(1) (explicitly allowing tort suits against the United States). "Waiver of the United States' sovereign immunity must be expressly stated by congress and should not be inferred." *Soudavar v. F.A.A.*, 45 Fed. Appx. 323 (5th Cir. 2002) (quoting *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 310 (5th Cir. 1985)) (internal quotation marks omitted). A "[p]laintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009); *see also Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

Here, Alcorn brought suit asserting as a jurisdictional

basis 28 U.S.C. § 1331, which provides district courts with jurisdiction over federal questions. Section 1331 is not a waiver of sovereign immunity. *See Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987). Specifically, he claims that he suffered reprisals at the hands of his employer for engaging in speech that is protected by the First Amendment. The complaint at no point mentions a waiver of sovereign immunity for this type of suit, much less an unequivocal one, and he has not responded to this motion to dismiss. Alcorn has therefore not carried his burden of demonstrating "Congress's unequivocal waiver of sovereign immunity," and the Court will dismiss the action for want of subject matter jurisdiction.

**IV. Conclusion**

For the foregoing reasons, the VA's Motion to Dismiss is GRANTED.

New Orleans, Louisiana, this \_\_\_10th\_\_\_ day of November, 2009.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**